

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.

JOEL LEE REYNOLDS

CASE NO. 8:25-cr-501-TPB-SPF

18 U.S.C. § 2251(a)
(Production of Child Pornography)
18 U.S.C. § 2252(a)(2)
(Distribution of Child Pornography)
18 U.S.C. § 2252(a)(4)(B)
(Possession of Child Pornography)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Production of Child Pornography)

On or about April 15, 2024, in the Middle District of Florida, and elsewhere, the defendant,

JOEL LEE REYNOLDS,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT TWO
### (Production of Child Pornography)

On or about April 15, 2024, in the Middle District of Florida, and elsewhere, the defendant,

### JOEL LEE REYNOLDS,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT THREE
### (Production of Child Pornography)

On or about April 15, 2024, in the Middle District of Florida, and elsewhere, the defendant,

### JOEL LEE REYNOLDS,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FOUR
### (Production of Child Pornography)

On or about August 4, 2024, in the Middle District of Florida, and elsewhere, the defendant,

### JOEL LEE REYNOLDS,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FIVE
### (Production of Child Pornography)

On or about July 24, 2024, in the Middle District of Florida, and elsewhere, the defendant,

### JOEL LEE REYNOLDS,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT SIX
### (Distribution of Child Pornography)

On or about October 31, 2024, in the Middle District of Florida, and elsewhere, the defendant,

JOEL LEE REYNOLDS,

did knowingly distribute, and attempt to distribute, a visual depiction using any means and facility of interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT SEVEN
### (Possession of Child Pornography)

On or about November 23, 2024, in the Middle District of Florida, and elsewhere, the defendant,

JOEL LEE REYNOLDS,

did knowingly possess a matter which contained a visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## FORFEITURE

1. The allegations contained in Counts One through Seven are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. §§ 2251 and/or 2252, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

   a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

   b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following, which were used to commit or to promote the commission of the offenses: an Apple iPhone 14, serial number CJ2QNDFNWL, a Seagate 2TB Firecuda hard drive, S/N: WDZ47C3Y, a desktop computer containing two hard drives, S/N: 1825FD51400200909, and a Hitachi 2TB desktop computer hard drive, S/N: MN1240F32Z72BD.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL



Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
Courtney Derry
Assistant United States Attorney

By: _____
Michael C. Sinacore
Assistant United States Attorney
Chief, Special Prosecutions Section

FORM OBD-34
October 25

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## JOEL LEE REYNOLDS

## INDICTMENT

Violations: 18 U.S.C. § 2251(a), 18 U.S.C. § 2252(a)(2),
18 U.S.C. § 2252(a)(4)(B)

A true bill

_____
Foreperson

Filed in open court this 21st day

of October, 2025.

_____
Clerk — Karina Nieves

Bail $ _____

GPO 863 525